IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**ANTONIO COLLINS**,

      **Petitioner,**

v.                                                          Case No.: 2:21-cv-00454

**SHELBY SEARLS,**

      **Respondent.**

## MEMORANDUM OPINION AND ORDER

Currently pending is Petitioner's Motion for the Appointment of Appellate Counsel, (ECF No. 12). For the following reasons, the court **DENIES** Petitioner's Motion.

Petitioner is not entitled to appellate counsel in the first instance, because his action in this Court is not an appeal. Any appeal of Petitioner's convictions or sentence would have to be filed in the Supreme Court of Appeals of West Virginia. In this Court, Petitioner can collaterally attack his convictions and sentence by filing a petition for a writ of habeas corpus. However, there are bars and limitations relating to federal habeas petitions. For example, Petitioner is precluded from filing a habeas petition in federal court until he has exhausted his state court remedies. Generally, this means that Petitioner must first appeal a West Virginia criminal conviction or sentence to the Supreme Court of Appeals of West Virginia. Petitioner may also file a petition for a writ of habeas corpus in state court, and if that is unsuccessful, appeal the judgment to the appellate court. Once those proceedings are concluded, Petitioner may seek habeas relief in this Court.

Petitioner's pleading in this Court has been construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. If that is not what Petitioner intended to file, then he should promptly notify the Court. It is important for Petitioner to determine what he intends to file in this Court, because there are limitations to how many § 2254 petitions can be filed. Usually, a petitioner is limited to one, unless the petitioner receives authorization from the appropriate Circuit Court to file a second or successive petition. Consequently, when filing a § 2254 petition, the petitioner should make sure that he raises all potential grounds supporting relief.

Assuming Petitioner intends his pleading herein to be a § 2254 petition, his motion for the appointment of counsel is denied for other reasons. The Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, authorizes United States District Courts to appoint counsel to represent financially eligible individuals in habeas actions brought pursuant to 28 U.S.C. § 2254, "whenever the United States magistrate judge or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). This standard is similar to the one applied in determining whether to appoint counsel in civil actions governed by 28 U.S.C. § 1915(e)(1), which states that the appointment of counsel rests within the sound discretion of the court.

In other words, Petitioner has no constitutional right to counsel in this case. Whether counsel should be appointed depends upon several factors, including (1) the type and complexity of the case; (2) the ability of the litigant to adequately investigate and present his claim; (3) the likelihood of success on the merits of the application; and (4) the apparent need for an evidentiary hearing in order to resolve the case. *See, e.g Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984) (abrogated on other grounds by *Mallard v. United States Dist. Court*, 490 U.S. 296 (1989)) (holding that the appointment

of counsel is discretionary, "but it is an abuse of discretion to decline to appoint counsel where the case of an indigent plaintiff presents exceptional circumstances."); *Hoggard v. Purkett,* 29 F.3d 469, 471 (8th Cir. 1994) (holding that "[t]he appointment of counsel is discretionary when no evidentiary hearing is necessary."); and *Brown v. Virginia*, No. 1:10CV162 JCC/IDD, 2011 WL 1897432, at *10 (E.D. Va. May 18, 2011) ("Rule 6(a) of the Rules Governing § 2254 Cases in the United States District Courts provides that a court may appoint counsel if it is "necessary for effective utilization of discovery procedures," and Rule 8(c) mandates that counsel be appointed only "[i]f an evidentiary hearing is required."). Having reviewed the filing made by Petitioner to date, he appears capable of presenting his arguments at this stage of the proceedings. Moreover, the likelihood of success and the need for an evidentiary hearing are not apparent at this time. Therefore, the appointment of counsel is not appropriate at this time. However, should circumstances change, Petitioner can renew his request for counsel.

    The Clerk is directed to provide a copy of this Order to Petitioner and counsel of record.

**ENTERED**: December 23, 2021

_____
Cheryl A. Eifert
United States Magistrate Judge