IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**ANTONIO COLLINS**,

        Petitioner,

v.                                                     Case No.: 2:21-cv-00454

**SHELBY SEARLS, Superintendent,**
**Huttonsville Correctional Center,**

        Respondent.

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the court is a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Antonio Collins ("Collins"). (ECF No. 1). This case is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). After thorough consideration of the record, the undersigned conclusively **FINDS** that Collins is not entitled to the relief requested. Therefore, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DENY** Collins's Petition for a Writ of Habeas Corpus and **DISMISS** and **REMOVE** this case from the docket of the court.

**I.    Relevant Facts and Procedural History**

    **A.  Conviction and Sentencing**

Early in the morning on March 9, 2013, Collins shot two men in their heads in a 7-Eleven convenience store in Charleston, West Virginia, an incident captured clearly

1

by the store's security camera. (ECF No. 14-1 at 19–21). On October 28, 2013, in the Circuit Court of Kanawha County ("circuit court"), Collins pled guilty to two counts of attempted murder and two counts of malicious wounding. (*Id.* at 4–5). He was sentenced on December 12, 2013, to the following indeterminate, consecutive terms: three to fifteen years for the first count of attempted murder; six to fifteen years for the second count of attempted murder; and two to fifteen years for each count of malicious wounding. (*Id.* at 32, 39–40). He did not appeal his conviction or sentence.

### B. State Habeas Petitions

Collins has filed three state habeas petitions in the circuit court. *See Collins v. Williams*, No. 19-1027, 2021 WL 365234, at *1 (W. Va. Feb. 2, 2021) (documenting procedural history of the case). In his first petition, filed May 13, 2016, he asserted, *inter alia*, that his criminal judgment violated the double jeopardy clause of the United States Constitution. *Id.* at *2. The circuit court denied this petition and Collins failed to perfect an appeal. *Id.*

On November 7, 2018, Collins filed a second unsuccessful state habeas petition, alleging that his sentence was excessive and his trial counsel was ineffective, in part because of his counsel's failure to challenge the indictment on double jeopardy principles. *See Collins v. Searls*, No. 19-0491, 2020 WL 5588609, at *2, *4 (W. Va. Sept. 18, 2020). He appealed the denial of this petition to the SCAWV, which, on September 18, 2020, issued a memorandum decision upholding the circuit court's decision, citing state law standards applicable to double jeopardy claims. *Id.*

Collins filed his third state habeas petition on June 28, 2019, again challenging the constitutionality of his judgment, including its validity under the double jeopardy clause. *See Collins v. Williams*, No. 19-1027, 2021 WL 365234, at *2 (W. Va. Feb. 2,

2021). The circuit court denied his petition on October 9, 2019, due to a lack of adequate factual support. *Id.* Collins appealed to the SCAWV, which affirmed the circuit court's judgment and noted that Collins's grounds were "rambling and incoherent." *Id.*

### C. Federal Habeas Petition

On August 16, 2021, Collins initiated the instant action, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). He challenges the validity of his convictions for both attempted murder and malicious wounding, asserting that the "only fact at stake is whether [he is] sentenced illegally" under the double jeopardy clause. (*Id.*). He also asks that his failure to exhaust appellate procedures be excused. (*Id.*).

On January 11, 2022, Respondent answered Collins's petition. (ECF No. 14). Respondent posits that Collins has exhausted his state court remedies as to his double jeopardy claim, noting that Collins raised the claim before the SCAWV. (*Id.* at 1). Nevertheless, Respondent argues that Collins is not entitled to relief because his convictions for attempted murder and malicious wounding "do not affront the Double Jeopardy Clause." (*Id.* at 7). Citing the federal standard applicable to a double jeopardy analysis, Respondent maintains that each of the two West Virginia statutes under which Collins was charged require proof of a fact which the other does not, and thus conviction for both crimes does not offend Collins's double jeopardy rights. (*Id.* at 8–10).

On January 27, 2022, Collins filed a reply. (ECF No. 16). Therein, he seems to disagree with Respondent's conclusion, although he offers no further explanation as to how his convictions run afoul of the double jeopardy clause. He contends that

Respondent's answer is "quite cursory," and "there is an abundance of grounds that [he] has raised, to only have the Respondent argue that the Double Jeopardy ground has a stated protected right that [he] has no right to inherit." (*Id.* at 3). He asks the Court to "provide a statutory silence ruling" and grant his petition. (*Id.*).

## II.  Standard of Review

Title 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, authorizes a federal district court to entertain a petition for habeas corpus relief from a prisoner in State custody, "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When determining the merits of a § 2254 petition, the district court applies the standard set forth in § 2254(d), which provides that the habeas petition of a person in State custody "shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim" is:

> (1) contrary to, or involves an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d)(1)–(2). Moreover, the factual determinations made by the state court are presumed to be correct and are only rebutted upon presentation of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). Thus, when reviewing a petition for habeas relief, the federal court uses a "highly deferential lens." *DeCastro v. Branker*, 642 F.3d 442, 449 (4th Cir. 2011).

A claim is generally considered to have been "adjudicated on the merits" when

4

it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." *Thomas v. Davis*, 192 F.3d 445, 455 (4th Cir. 1999). The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have separate and independent meanings. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A state court decision warrants habeas relief under the "contrary to" clause "if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to the Supreme Court's." *Lewis v. Wheeler*, 609 F.3d 291, 300 (4th Cir. 2010) (quoting *Williams*, 529 U.S. at 405) (internal quotations omitted). The district court may grant a habeas writ under the "unreasonable application" clause if the state court "identifies the correct governing legal rule from the [Supreme] Court's cases but unreasonably applies it to the facts of the particular case." *Id.* at 300–01 (internal marks omitted).

Accordingly, the AEDPA limits the federal habeas court's scope of review to the reasonableness, rather than the correctness, of the state court's decision. A federal court may not issue a writ under this standard "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather the application must also be unreasonable." *Williams*, 529 U.S. at 365.

### III. Discussion

As an initial matter, the undersigned notes that Collins asks the Court to excuse "the exhaustion of the appellate procedures." (ECF No. 1 at 1). However, as Respondent points out, the only claim Collins raises in his petition concerns an alleged violation of his right to be free from double jeopardy, which was at issue before the SCAWV when

5

Collins appealed the denial of his state habeas petitions. (ECF No. 14 at 1). Collins criticizes Respondent's "quite cursory" answer for addressing only his double jeopardy claim and not the "abundance of grounds" he supposedly presents. (ECF No. 16 at 3). Notwithstanding this criticism, it is clear that Collins only presents a challenge to his criminal convictions on the basis of double jeopardy principles. While the undersigned has liberally construed Collins's petition, even under the less stringent standards afforded to *pro se* litigants, a claim must still contain sufficient factual allegations to support a valid cause of action. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). A court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Collins fails to *mention* any other deficiency in the state courts' disposition of his grounds for habeas relief, let alone provide an argument showing that he is entitled to relief under § 2254 because of such deficiency. Thus, the undersigned **FINDS** that the sole claim presented in the instant petition is whether Collins's convictions violate principles of double jeopardy.

Federal claims that are raised and appealed in the state court, if all available state remedies have been exhausted, may be reviewed in a petition under § 2254. *See* 28 U.S.C. § 2254(b)(1)(A). To properly review the decision of a state court in a § 2254 petition, this court must consider the factual determinations and reasoning that are being challenged. Collins has twice appealed to the SCAWV from the denial of his state habeas petitions. In both appeals, Collins raised the issue of double jeopardy, albeit in different contexts. The SCAWV denied his first appeal on September 18, 2020 and

denied his second appeal on February 2, 2021; it is unclear which decision of the SCAWV he now wishes to challenge. Regardless, an analysis of both shows that neither decision of the state court entitles him to relief under § 2254.

### A. First Habeas Appeal

In his first appellate proceeding, Collins argued that his trial counsel was constitutionally ineffective in part because counsel did not challenge the indictment as a violation of double jeopardy. *Collins v. Searls*, No. 19-0491, 2020 WL 5588609, at *4 (W. Va. Sept. 18, 2020). The SCAWV held that Collins's trial counsel was not ineffective under constitutional standards given its prior precedent establishing that convictions for both attempted murder and malicious wounding did not violate a defendant's right to be free from double jeopardy. *Id.* (citing *State v. George*, 185 W. Va. 539 (1991)). While the ineffective assistance claim is a roundabout way of reaching the double jeopardy question, the SCAWV's determination that conviction for both attempted murder and malicious wounding do not violate Collins's constitutional rights is not an unreasonable application of federal law or an unreasonable determination of facts.

"The Double Jeopardy Clause of the Fifth Amendment, applicable to the States through the Fourteenth, provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'" *Brown v. Ohio*, 432 U.S. 161, 164 (1977) (quoting U.S. Const. amend. V). Modernly phrased, "[t]he Double Jeopardy Clause prohibits 'successive prosecutions for the same offense as well as the imposition of cumulative punishments for the same offense in a single criminal trial.'" *United States v. Gregory*, 639 F. App'x 913, 2016 WL 429913, at *2 (4th Cir. Feb. 4, 2016) (quoting *United States v. Shrader*, 675 F.3d 300, 313 (4th Cir. 2012)). "Where a case involves multiple charges, the Double Jeopardy Clause is not offended where each charge

7

requires proof of a distinct element." *Id.* (internal citations omitted); *see also Blockburger v. United States*, 284 U.S. 299, 304 (1932) ("[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."); *United States v. Dixon*, 509 U.S. 688, 698 (1993) ("The same-elements test, sometimes referred to as the '*Blockburger*' test, inquires whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment and successive prosecution.").

In *State v. George*, the SCAWV considered whether a defendant's conviction for both malicious assault[1] and attempted murder violated the defendant's right to be free from double jeopardy. 185 W. Va. 539 (1991). Relying on *State v. Zaccagnini*, 172 W.Va. 491 (1983), a case which mirrored the Supreme Court's decision in *Blockburger*, the SCAWV considered the elements required to secure conviction for malicious assault under West Virginia Code § 61–2–9 and first-degree murder as defined by West Virginia Code § 61–2–1:

> [M]alicious wounding required the state to prove that: 1) the defendant; 2) did unlawfully and maliciously; 3) shoot the victim; 4) causing bodily injury to the victim; 5) with the intent to permanently maim, disfigure, disable, or kill the victim. In contrast attempted murder in the first degree required the state to prove that: 1) the defendant; 2) did unlawfully, intentionally, willfully, maliciously, and premeditatedly, or by lying in wait; 3) attempt to kill; 4) the victim.

*Id.* at 543. Because conviction for malicious assault requires "proof of serious bodily injury," while conviction for attempted murder requires "proof of premeditation or

---

[1] The SCAWV noted the discrepancy in the wording of Collins's "malicious wounding" and George's "malicious assault" charge, but the crimes are the same and are derived from the same statutory provision. *Collins v. Searls*, No. 19-0491, 2020 WL 5588609, *9 n.6 (W. Va. Sept. 18, 2020).

8

lying in wait along with a specific intent to kill and an overt act toward the commission of the crime," the SCAWV concluded that the two offenses are "separate and distinct." *Id.*

The SCAWV relied on *George* when it rejected Collins's arguments concerning his counsel's effectiveness, finding that his counsel was not deficient and caused him no prejudice pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984), or *State v. Miller*, 194 W. Va. 3 (1995), by failing to raise the issue. *Collins v. Searls*, No. 19-0491, 2020 WL 5588609, at *4 (W. Va. Sept. 18, 2020). Because the two crimes require proof of different facts, the SCAWV did not unreasonably apply federal law when it found that Collins's convictions for attempted murder and malicious wounding did not offend his right to be free from double jeopardy. *See Johnson v. Ballard*, No. CIVA 6:07-CV-00259, 2008 WL 687451, at *32 (S.D.W. Va. Mar. 11, 2008) (finding that the SCAWV's determination that conviction for attempted murder and malicious assault was permissible based on its decision in *George* was not unreasonable). The SCAWV correctly applied the standard announced in *Blockburger* and *Zaccagnini* to reach its conclusion. Accordingly, the undersigned **FINDS** that Collins is not entitled to relief based on the SCAWV's ruling in his first habeas appeal.

### B. *Second Habeas Appeal*

In his second appellate proceeding, Collins addressed the double jeopardy issue head-on rather than in an ineffective assistance claim. *Collins v. Williams*, No. 19-1027, 2021 WL 365234, at *2 (W. Va. Feb. 2, 2021). The SCAWV denied his appeal, finding that Collins's "rambling and incoherent" allegations were "mere recitation[s]" of claims and did not justify relief or a hearing pursuant to its standard in *Losh v. McKenzie*, 166 W. Va. 762, 771 (1981). *Id.* By way of example, the SCAWV pointed out in a footnote

9

that, in Collins's double jeopardy claim, he insisted he was subject to "'successive judgments' by the West Virginia Parole Board with regard to his lack of suitability to reenter into society." *Id.* Therefore, the SCAWV concluded, the circuit court did not abuse its discretion when it dismissed Collins's petition. *Id.*

The SCAWV's dismissal of Collins's second habeas appeal on the ground that Collins failed to present a sufficient argument is based on adequate and independent state law grounds and is unreviewable by a federal court in a habeas petition. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991) ("This Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."). The rule in *Losh* requiring detailed factual support in habeas petitions is a matter of state procedural law and allows the state trial court to exercise its discretion in dismissing petitions. "To qualify as an adequate procedural ground, a state rule must be firmly established and regularly followed." *Walker v. Martin*, 562 U.S. 307, 316 (2011) (internal citations and quotation marks omitted). "[A] discretionary state procedural rule can serve as an adequate ground to bar federal habeas review….even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others" *Beard v. Kindler*, 558 U.S. 53, 60 (2009).

The SCAWV did not cite to or reference federal law at any point and did not address the merits of Collins's various claims, relying only on *Losh* to conclude that the circuit court did not abuse its discretion by refusing to grant relief on the basis that Collins did not provide enough information to state a claim. The pleading requirement announced in *Losh* and elsewhere in state law is consistently used by West Virginia courts to dispose of barebones claims that fail to sufficiently allege a deficiency in the

petitioner's underlying conviction. *See, e.g., Blickenstaff v. Ames*, No. 20-0176, 2022 WL 123118, at *7 (W. Va. Jan. 12, 2022) (affirming the denial of a habeas petition when the lower court determined the petition "lacked the specificity necessary to justify an evidentiary hearing and habeas relief"); *Davis v. Ames*, No. 20-0897, 2021 WL 3833873, at *4 (W. Va. Aug. 27, 2021) (same); *Grant v. Mirandy*, No. 15-0003, 2015 WL 5555586, at *17 (W. Va. Sept. 21, 2015) (affirming the denial of habeas petition when the lower court pointed out that "[s]pecificity in habeas pleading is required" pursuant to West Virginia Code § 53-4A-2 and *Losh*); *Brian W. v. Ames*, No. 20-0895, 2021 WL 4936774, at *2 (W. Va. Sept. 27, 2021) (holding that denial of "unspecified grounds" that lacked "detailed factual allegations" was proper). The undersigned **FINDS** that the SCAWV's decision regarding double jeopardy in Collins's second habeas appeal is based on adequate and independent state law grounds. The requirement that the decision being challenged is based on federal law is jurisdictional; the Court is not empowered to render an opinion about a federal constitutional issue in a state criminal proceeding unless doing so would affect the judgment. *Herb v. Pitcairn*, 324 U.S. 117, 125–126 (1945).

Moreover, Collins does not allege that the SCAWV's factual determination concerning the nature of his arguments on appeal was unreasonable. Reviewing Collins's brief on appeal in *Collins v. Williams*, the undersigned agrees that his claim is indecipherable. (ECF No. 14-6 at 14–15). In his argument concerning "double jeopardy," which appears to be related to his failure to be granted parole, Collins argued that the circuit court violated his rights because "the discretion of the judgment relies on the issues raised to accept the Petitioners proceedings to gain justice from the unconstitutional judgment ruled upon." (ECF No. 14-6 at 15). Even a liberal

11

construction of this statement fails to yield a sensical claim, and the undersigned **FINDS** that the SCAWV's decision to deny Collins's petition did not involve an unreasonable factual determination or unreasonable application of federal law that would entitle him to relief pursuant to § 2254.

IV. **Proposal and Recommendations**

The undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** the following:

1. Collins's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, (ECF No. 1), be **DENIED**; and

2. This action be **DISMISSED, with prejudice.**

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, The parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v.*

*Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Goodwin, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** April 18, 2022

_____
Cheryl A. Eifert
United States Magistrate Judge