IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

ANTONIO COLLINS,

          Petitioner,

v.                               CIVIL ACTION NO. 2:21-cv-00454

SHELBY SEARLS,

          Respondent.

ORDER

This action was referred to the Honorable Cheryl Eifert for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636. On April 18, 2022, Judge Eifert submitted her Proposed Findings & Recommendation ("PF&R") [ECF No. 17], recommending that Mr. Collins's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [ECF No. 1] be **DENIED** and that this action be **DISMISSED with prejudice** and **REMOVED** from the docket of the court. Mr. Collins submitted timely objections to the PF&R. [ECF No. 18].

A district court "shall make a de novo determination of those *portions* of the report or *specified* proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C) (emphasis added); *see* Fed. R. Civ. P. 72(b)(3). Failure to file *specific* objections pursuant to 28 U.S.C. § 636(b)(1)(C) . . . may be construed by any

reviewing court as a waiver of such objection." *Veney v. Astrue*, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008); *see United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."). In addition, this court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Having reviewed Mr. Collins's objections, the court finds that they are general and conclusory. Rather than taking specific issue with Judge Eifert's findings, Mr. Collins's objections boil down to a repetition of his insistent yet misguided belief that his 2013 conviction and sentencing for two counts of attempted murder and two counts of malicious wounding—which resulted after he shot two individuals in their heads and pled guilty to all four charges—violates constitutional double jeopardy principles. [ECF No. 17, at 1–2]; *see* [ECF No. 18, at 3 (raising the issue of "multiple convictions under different statutes for the same criminal conduct" and asserting that "the unit of prosecution is clearly dependent on the number of victims")].

As Judge Eifert detailed, the sole claim presented in Mr. Collins's petition was "whether Collins's convictions violate principles of double jeopardy" enshrined in the United States and West Virginia Constitutions—a claim which Mr. Collins has already raised in two appeals to the Supreme Court of Appeals of West Virginia

("SCAWV"). [ECF No. 17, at 6]. The SCAWV found Mr. Collins's first appeal to be meritless, due to undisturbed and on point West Virginia "precedent establishing that convictions for both attempted murder and malicious wounding did not violate a defendant's right to be free from double jeopardy." *Id.* at 7 (citing *Collins v. Searls*, No. 19-0491, 2020 WL 5588609, at *4 (W. Va. Sept. 18, 2020)); *see also State v. George*, 408 S.E.2d 291, 296 (W. Va. 1991) (holding that such convictions did not violate constitutional proscriptions against double jeopardy because "the provisions for each offense require proof of an additional fact which the other does not"). The SCAWV found Mr. Collins's second appeal similarly meritless because his allegations were "mere recitation" of grounds for habeas relief that were "rambling and incoherent." *See Collins v. Williams*, No. 19-1027, 2021 WL 365234, at *2 (W. Va. Feb. 2, 2021). Judge Eifert found that SCAWV's reasoning on each appeal was proper. [ECF No. 17, at 9, 11].

Being "mindful of [my] responsibility to construe pro se filings liberally," *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017), I have reviewed Mr. Collins's allegations of double jeopardy and determined that they are without merit for all of the reasons discussed in Judge Eifert's PF&R. The SCAWV has thoroughly explained that a defendant may be convicted for both malicious wounding and attempted murder in the first degree without violating constitutional proscriptions against double jeopardy. *State v. George*, 408 S.E.2d 291, 294–96 (W. Va. 1991); *see also State v. Rummer*, 432 S.E.2d 39, 43, 46 (W. Va. 1993) (noting that West Virginia's double jeopardy principles are patterned after the United States Supreme Court's

3

interpretation of the Double Jeopardy Clause found in the Fifth Amendment to the United States Constitution, such that West Virginia adopted the same test for double jeopardy analyses). Moreover, "unit of prosecution" is analyzed for purposes of double jeopardy when a criminal defendant alleges that they were improperly convicted and punished for multiple violations of the *same* statute, not when a defendant alleges that they were prosecuted under *multiple* statutes for the same act, as is the case here. *See State v. Goins*, 748 S.E.2d 813, 817 (W. Va. 2013).

Accordingly, the court accepts and incorporates herein the PF&R and orders judgment consistent therewith. The court **DENIES** Mr. Collins's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [ECF No. 1], **DISMISSES** this action **with prejudice**, and **DIRECTS** that it be removed from the docket of the court.

I have additionally considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001). I conclude that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

4

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 28, 2022

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE